■ VICTOR DELESKIEWICZ, as Executor of ADA DELESKIEWICZ, Deceased, Appellant, v CLIFTON E. PITCHER et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 23, 1976 in Albany County, which granted a motion to dismiss the plaintiff's complaint as against some of the defendants. The plaintiff seeks to establish that he and his deceased wife were fraudulently induced to sell their land to the defendants Pitchers and demands damages therefor. The original complaint did not name the defendants, Palmer and Del Palmer, Inc., and was dismissed without prejudice for a failure to plead facts showing any connection of the defendant, Owens-Corning Fiberglass Corporation (hereinafter Owens-Corning) with the acts of the Pitchers. The amended complaint sets forth the misrepresentation by the Pitchers and alleges direct participation between the Pitchers and the defendants Waldenmaier and Kingsley for their mutual benefit in the misrepresentation that was allegedly made. It further alleges that the defendants, Palmer and Del Palmer, Inc., were the real estate agents of Owens-Corning; that prior to the sale by plaintiff which resulted in the defendant Waldenmaier securing title thereto, the plaintiff's premises had caused Owens-Corning to refuse to purchase other lands owned by Waldenmaier and adjacent to plaintiff's lands; that all of the named defendants except Owens-Corning "conspired together to secure title * * * for * * * Owens-Corning"; that the *Pitchers, Waldenmaier,* and *Kingsley* "prepared a schemed course of action to induce the plaintiffs, to sell"; that the scheme devised by the *Pitchers, Waldenmaier,* and *Kingsley* "was, upon information and belief, *communicated* to the defendants, *[Palmer* and *Del Palmer, Inc.]";* and that in furtherance of the "scheme", the *Pitchers* secured a deed from plaintiff on February 15, 1973. (Emphasis supplied.) The complaint also recites that subsequent to the purchase by the Pitchers which occurred on February 15, 1973, the Pitchers on February 16, 1973, conveyed the plaintiff's premises to Waldenmaier with the assistance of Kingsley and that in March of 1973, Waldenmaier entered into an option agreement whereby the premises would be sold and that in June of 1973, Waldenmaier did convey to Owens-Corning. Assuming that this complaint which in finality alleges that the fraud was in concealing the true identity of Owens-Corning as being the intended purchaser would be sufficient to state a cause of action as to the Pitchers, Waldenmaier, and Kingsley, it is entirely deficient as to the realtors, Palmer and Del Palmer, Inc., and Owens-Corning. Special Term properly noted that giving the plaintiff the most beneficial reading of the complaint, there is no allegation which would establish that Owens-Corning or its real estate agents did anything to induce the plaintiff to sell or at any time made an attempt to purchase the premises. CPLR 3016 requires "Particularly in specific actions" and in subdivision (b) thereof it requires that as to the present action "the circumstances constituting the wrong shall be stated in detail." While the circumstances as to the alleged wrong are pleaded in detail, the connection between the real estate agents and Owens-Corning is not established as to such wrong. Bare legal conclusions in a pleading are not sufficient to establish a cause of action for fraud on the part of all defendants even if adequate as to some defendants (see *Roberts v Finkel,* 46 AD2d 878). The inadequacy of the pleading herein is best described by Special Term as follows: "If this amended complaint is sufficient against these defendants then every realtor and purchaser who ever negotiated a sale could be sued

by a prior owner because the prior sales price was less than the one that the realtor negotiated. At most, what is alleged is that the moving defendants obtained suitable land because the plaintiff under false pretenses sold to the Pitchers who sold to Waldenmaier and this does not make the moving defendants liable for fraud or conspiracy." Order affirmed, without costs. Greenblott, J. P., Mahoney, Mikoll and Herlihy, JJ., concur; Kane, J., not taking part.