■ LANIFICIO L. ROSALINDA, Appellant, v KENT COMPANY, INC., Defendant, and CENTURY FACTORS, INC., Respondent. — Judgment of the Supreme Court, New York County (Bernheim, J.) entered November 25, 1980 unanimously modified, on the law, to the extent of reversing the determination dismissing, at the close of plaintiff's case, the first and second causes of action against defendant Century Factors, Inc., and dismissing the first cause of action against defendant Kent Company, Inc., and remanding these causes for retrial, with costs. Plaintiff operated a family woolen mill in Italy. She undertook to sell 500,000 yards of melton cloth to Kent Company Inc., at $1.30 per yard. Century Factors, Inc., was Kent's factor, i.e., it advanced operating funds to Kent in return for which it took an assignment of Kent's receivables under a financing statement which granted it a security interest on its other property. The first shipments of the melton cloth, which consisted of approximately 25% of the entire order, were sent to Kent's Virgin Islands plant for bonding. Upon receipt of the goods Zinn, the principal of Kent, noted that the color was not in conformity with the order. He refused to accept the goods, and, through his Italian representative, one Quaglia, notified plaintiff of this refusal. Since plaintiff had already committed herself to manufacture of the cloth, she urged upon Quaglia that Kent accept the goods. Zinn then went to Italy where a deal was struck between the parties. Under the arrangement between the parties plaintiff was to continue the shipment of the goods. Kent would bond them and endeavor to sell them. If Kent succeeded in selling the goods, he would pay for them, retaining for himself the cost of bonding. If he was unable to sell them, he would return them to plaintiff and plaintiff would pay him for the bonding. Plaintiff shipped the goods to Kent. Kent received them and paid for them by issuing drafts payable to the plaintiff with the understanding that the drafts were not to be presented for payment unless the goods were sold. The shipping documents contained no reservation of title to the cloth shipped. In July, 1974 Zinn notified plaintiff that his warehouse facilities were full and not to ship any more cloth. In September, 1974 Zinn traveled to Italy. At that time he informed plaintiff that Century claimed a security interest in plaintiff's goods stored in Kent's Virgin Islands warehouse. Understandably, plaintiff was much distressed by this information. She prevailed upon Zinn to put in a trans-Atlantic telephone call to one Tannenbaum, a senior officer of Century. Plaintiff testified that, as a result of this telephone call, Zinn assured her that Century would not assert a security lien in the

goods in question. Tannenbaum's testimony differed somewhat from that of plaintiff. He acknowledged the phone call but asserted that he told Zinn to make whatever arrangement he thought appropriate and to submit the papers to him for consideration by Century upon his return to this country. Kent defaulted on its obligation to Century and Century foreclosed on its security interest including plaintiff's melton cloth. Thereupon plaintiff brought this action. Two causes were alleged against Kent and Century. The first was for conversion; the second was bottomed in fraud. A third cause of action was alleged against Kent, for goods sold and delivered. At the opening of the trial counsel for Kent brought to the attention of the court that information had been received by him that plaintiff was in bankruptcy. He moved to dismiss pending the substitution of the trustee appointed by the Italian courts. After consideration of the question the court denied the motion. Counsel for Kent then withdrew and the case against it proceeded as an inquest. At the close of the plaintiff's case a motion to dismiss was denied as to Kent on the second cause of action — the cause based on fraud. Plaintiff was granted judgment against Kent in the sum of $422,067.15 on that count. The remaining causes against both Century and Kent were dismissed. Although plaintiff has appealed from the entire judgment except that portion which granted judgment against Kent it tenders no issue on the dismissal of the cause against Kent for goods sold and delivered. Accordingly, we treat that portion of the appeal as abandoned. With respect to the first count, the trial court predicated its dismissal on the ground that Kent's possession was lawful. While this may be true of its initial possession, if the possession was for a limited purpose, i.e., a consignment as contended for by plaintiff, when Kent or Century or both undertook to exercise a dominion not contemplated by the consignment or bailment of the goods to Kent, that dominion was unlawful and constituted a conversion. Whether the goods shipped by plaintiff to Kent were shipped on consignment within the meaning of section 2-326 of the Uniform Commercial Code on the proof presented became a question of fact to be determined by the jury and not as a question of law. So far as concerns the second cause of action against Century, while Zinn's testimony, as to his conversation with plaintiff after the trans-Atlantic call to Tannenbaum given at his examination before trial was at variance with plaintiff's relation of that conversation, a letter, produced from Century's files addressed by Zinn to Tannenbaum dealing with shipments of the melton goods then en route to the Virgin Islands bore, in the upper left-hand corner, the handwritten notation "Century-giving up lien-Goods not in". Under the circumstances, the claim that Century agreed to exempt the melton goods from the lien granted Century by its security agreement was a question of fact which the trial court improperly took from the jury. Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.