■ Delaine Brown, Respondent, v Arthur Brown, Appellant. [594 NYS2d 771] —Order of the Supreme Court, New York County (Jacqueline W. Silbermann, J.), dated June 12, 1992, which granted defendant's motion to reargue only to the extent of adding to the list of personal property contained in the order of the court dated February 3, 1992, any items contained in plaintiff's attorney's letter of July 30, 1991 not already included in that order; and order dated February 3, 1992, which denied defendant's motion seeking distribution and transfer of certain personal property, are unanimously reversed to the extent appealed from, on the law and facts, and the motion by defendant granted to the extent of awarding him the Max Weber artworks and Indian miniatures in the warehouse, and directing that the remaining items in the warehouse be distributed in kind, by the parties each choosing works in series, upon payment by defendant of his share of the monies owed for storage, without costs or disbursements.

The parties were married in 1962 and divorced by judgment entered December 22, 1983, with issues of personal property severed for separate trial under the pre-equitable distribution law. Prior to that judgment, the Supreme Court directed, *inter alia,* that plaintiff furnish defendant with a list of items which she stored in a warehouse to which both parties claimed title, which the court directed be placed under "joint control". By

judgment entered June 7, 1988, each party was to retain his or her personal property, with articles designated as joint property to be sold, or, in the alternative, at plaintiff's option, each party would retain possession of the joint property under his or her dominion as distribution in kind. By order of this Court entered March 23, 1989, said judgment was modified to the extent of "awarding defendant ownership of those items of personalty plaintiff admitted in the record were acquired from defendant's father's apartment; providing that the costs of storage for the parties' personal property be shared equally by both parties". [148 AD2d 377, 378.]

Defendant thereafter moved for an order directing that plaintiff transfer to him certain articles of personal property pursuant to the judgment of divorce as modified by this Court's order. He also sought, *inter alia,* a direction that certain works of art be distributed in kind (specifically the Knox Martin and Jacob Knight works, the primitive art, wall hangings, ceramics, collectibles and other assorted works) by each party choosing works in series, rather than have the items sold at auction.

Plaintiff opposed and cross-moved for certain expenses. Plaintiff contended that she elected to retain possession of the joint property in a warehouse as distribution in kind, and that those Max Weber works and Indian miniatures which came from defendant's father's apartment had been segregated for him at the warehouse. She also contended that the Japanese print and the desk had been given to the couple by defendant's stepmother and were thus joint property, and that the chairs had not been in the father's apartment.

The court denied that portion of the motion seeking distribution of joint property in kind on the grounds that plaintiff had opted to retain possession of property "under her dominion" as distribution in kind pursuant to the judgment of divorce. The court awarded defendant only certain of the claimed property which it found had been conceded by plaintiff to be defendant's property.

Defendant sought reargument, contending that the court misunderstood that the artwork in the warehouse was under joint control and not under plaintiff's control or "dominion", and that evidence had been presented that all the Indian miniatures and the Max Weber works had come from defendant's father's apartment and were thus his property. The court granted reargument but adhered to its original decision.

Defendant has presented more than sufficient evidence to

establish ownership of all the remaining Max Weber artworks supported by testimony concerning his family's relationship with the artist. His position is bolstered by plaintiff's admission that they came from the apartment of defendant's father. Defendant also presented evidence of ownership of all 32 of the Indian miniatures supported by plaintiff's admission that they also came from the father's apartment. Accordingly, the court erred in failing to award defendant all the Max Weber artworks and Indian miniatures. Insufficient evidence, however, was presented with respect to other remaining items (e.g., plaintiff testified that a desk and Japanese print had been gifts to both parties).

The court also erred in denying defendant's request to order an in kind distribution of the remaining joint property in the warehouse on the grounds that plaintiff could opt to retain possession of the jointly owned personal property "under her dominion" as distribution in kind. The stored items were under joint control and *not* under her dominion and thus she was not automatically entitled to possession. The judgment of divorce allowed the parties, at plaintiff's option, to retain possession as distribution in kind of items under each party's dominion. However, the warehouse is under the dominion of both parties. Under the circumstances, herein, it would be more equitable to direct distribution in kind of the remaining items, upon payment by defendant of his share of monies owed for storage. Concur—Murphy, P. J., Carro, Rosenberger and Asch, JJ.