■ In the Matter of the Estate of BELLA SPEWACK, Deceased. ARTHUR ELIAS, as Executor of BELLA SPEWACK, Deceased, Appellant; MILES KREUGER, Respondent. [610 NYS2d 243] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about April 13, 1993, dismissing the petition on the ground that the action is barred by the applicable statute of limitations, unanimously reversed on the law and facts, with costs, respondent's motion to dismiss the petition denied, the petition reinstated, and the proceeding remanded to trial on the issue of estoppel and on the ultimate issue of conversion.

Petitioner, the executor of the last will and testament of decedent Bella Spewack, brought this discovery proceeding to recover certain memorabilia relating to "Kiss Me Kate," which she and her husband had written with Cole Porter. Respondent had first met decedent in 1959, when he had been engaged to write a record album liner for the musical. After completing the liner, respondent assisted decedent in organizing her voluminous papers, and at this time came into possession of a large amount of "Kiss Me Kate" memorabilia. He asserts that decedent made a gift of such papers to him. Nevertheless, in his final contact with decedent, he presented decedent with a copy of the record album on which his liner notes, stating that decedent was "the official custodian of all Kateography," were printed.

The Surrogate held that the proceeding was time barred, finding no affirmative act by respondent which would support an estoppel and, as the decedent herself had been negligent in failing to uncover any theft over thirty years, that the petitioner could not invoke equitable estoppel.

The rule in New York is that a cause of action against a good-faith purchaser of a stolen chattel accrues when the true owner makes demand for return of the chattel and the possessor refuses to return it; when the stolen object is in possession of the thief, however, the statute of limitations runs, anomalously, from the time of the theft, even if the owner was

unaware of the theft at the time it occurred *(Guggenheim Found. v Lubell,* 77 NY2d 311, 317-318). Petitioner's theory in the instant case is that respondent was a "thief." Thus, unless respondent is equitably estopped from pleading the statute of limitations, in this case a three-year statute (CPLR 214 [3]), the proceeding is time barred. There are questions of fact, however, the resolution of which will bear upon the question of equitable estoppel. A written admission by respondent that he was paid to organize decedent's files has been made. In the liner notes written for the "Kiss Me Kate" album, respondent described decedent as the "official custodian of all Kateography," even though he asserts that the papers in issue had been given to him a month or more earlier. Thereafter, it is alleged, respondent avoided any contact with decedent. Whether respondent should be equitably estopped from pleading the statute of limitations in these circumstances is a question of fact to be determined on the trial of the proceeding *(Schirano v Paggioli,* 99 AD2d 802, 804; *Schroder Bank & Trust Co. v South Ferry Bldg. Co.,* 88 AD2d 570, 572). Respondent's statement on the album liner that decedent was "custodian of all Kateography" is an affirmative misrepresentation which may have been part of respondent's concealment of his taking the material *(see, General Stencils v Chiappa,* 18 NY2d 125, 127-128).

The failure of the decedent to discover the theft over thirty years does not preclude the invocation of equitable estoppel. "The principle that a wrongdoer should not be able to take refuge behind the shield of his own wrong is a truism" *(General Stencils v Chiappa, supra,* at 127). That a person should successfully conceal his taking of material should not inure to his benefit.

Petitioner has shown a prima facie case for estoppel: an affirmative misrepresentation by respondent to decedent, a showing of an employment relationship between respondent and decedent at the time of the alleged conversion, continuing nondisclosure by respondent of his possession of the property, and decedent's lack of awareness of such possession. He is entitled to a trial with respect to these matters. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.