■ CLARK LeFEBVRE, as Administrator of the Estate of ANN E. WITBECK, Deceased, Appellant, v NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION et al., Respondents. [625 NYS2d 695] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 12, 1994 in Albany

County, which granted defendants' motions to dismiss the amended complaint.

In this action, as in its companion action arising from the same facts *(see, LeFebvre v Shea,* 212 AD2d 884), plaintiff, as administrator of the estate of Ann E. Witbeck, seeks to recover funds allegedly converted or misapplied by Gale Shea, Witbeck's conservator, prior to Witbeck's death. In June 1983, Shea used $300,000 of conservatorship funds to purchase an annuity contract from defendant New York Life Insurance and Annuity Corporation (hereinafter NYLIAC) through defendant Joseph DiBella, NYLIAC's registered representative. The purpose of this purchase was to reduce the estate taxes that would be due upon Witbeck's death while keeping the funds available in the interim to pay for her nursing home care. Although she bought the annuity with conservatorship funds, Shea named herself, in her individual capacity, as sole owner and beneficiary. Shea apparently made several cash withdrawals from the annuity account over the next several years, and upon the death of the annuitant, Witbeck's son, in 1986, Shea received a sizeable death benefit, a portion of which she used to purchase other financial products from NYLIAC, again through DiBella.

Witbeck died intestate on August 27, 1990, and in June 1992 plaintiff was appointed administrator. In August 1993, plaintiff brought an action against Shea and her husband, and on September 10, 1993, he commenced this action; as amended, the complaint charges defendants with conspiring to defraud the estate, to breach Shea's fiduciary duty, to convert conservatorship funds and to commit a prima facie tort. After ordering consolidation of these actions, Supreme Court granted defendants' motions to dismiss the amended complaint, and plaintiff appeals.

We affirm. Supreme Court quite rightly concluded that the first and fourth causes of action, alleging conspiracy to defraud and conspiracy to commit a prima facie tort, fail to state a claim upon which relief can be granted. A claim of conspiracy to commit fraud may indeed be made out—as plaintiff suggests—even in the absence of allegations that defendants themselves committed every element of the fraud. But such a claim cannot stand where, as here, it is devoid of specific factual allegations that could support an inference that defendants knowingly agreed to cooperate in a fraudulent scheme, or shared a perfidious purpose, with Shea *(see, National Westminster Bank USA v Weksel,* 124 AD2d 144, 147, *lv denied* 70

NY2d 604; *Goldstein v Siegel,* 19 AD2d 489, 493). When scienter is lacking, the mere fact that a defendant's otherwise lawful activities may have assisted another in pursuit of guileful objectives is not a sufficient basis for a finding that he or she conspired to defraud *(see, Williams v Upjohn Health Care Servs.,* 119 AD2d 817, 819-820; *cf., Deleskiewicz v Pitcher,* 60 AD2d 660).

As for the cause sounding in prima facie tort, it too was properly dismissed, for there is no allegation that defendants' acts were motivated solely by malevolence toward Witbeck, the estate or the heirs *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *Matter of Schulz v Washington County,* 157 AD2d 948, 950); the assertion that they took commissions, charges and profits would, if proven, merely establish a profit motive *(see, Roberts v Pollack,* 92 AD2d 440, 447).

Nor are we persuaded that Supreme Court erred in finding the second and third causes of action (which, like the other claims, are based upon the sale of the annuity in June 1983) time barred. The parties evidently agree that, because of Witbeck's disability, plaintiff is entitled to the benefit conferred by CPLR 208; that provision, however, would have extended the original limitations periods—three years for conversion and six years for breach of fiduciary duty—only until June 1993, 10 years from the date of accrual *(see,* CPLR 208). And, plaintiff's arguments notwithstanding, CPLR 206 (a) is inapplicable to these claims, for that provision applies only when a demand must be made as a prerequisite to commencement of an action, a circumstance not obtaining here. The claims at issue are based on Shea's affirmative act of using conservatorship funds to purchase an asset in her own name. Her possession of the property in that capacity being unlawful, a demand and refusal was not necessary to establish a conversion and thus was not a condition precedent to bringing suit *(see,* 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 50, at 265-268).

Plaintiff's remaining contention, that defendants misrepresented or concealed the facts giving rise to the present complaint and should therefore be equitably estopped from relying upon the Statute of Limitations *(see, Gleason v Spota,* 194 AD2d 764, 765), is simply not supported by the record.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.