■ NIK DOUGLAS, Appellant, v CHRISTIE's INTERNATIONAL PLC et al., Respondents. [640 NYS2d 530] —Orders, Supreme Court, New York County (Beverly Cohen, J.), entered on or about February 3, 1995, which granted defendants' motions for summary judgment dismissing the complaint as barred by the Statute of Limitations, unanimously affirmed, without costs.

Plaintiff's causes of action for conversion and replevin accrued in 1978, when, in response to plaintiff's letters asserting co-ownership of the subject chattel, the alleged co-owner denied that plaintiff had any ownership interest in the chattel (*Del Piccolo v Newburger*, 9 NYS2d 512). The claims are therefore barred by the applicable Statute of Limitations. Defendant co-owner's claimed absence from the State cannot effect a toll absent proof, which it is plaintiff's burden to adduce (*see, Massie v Crawford*, 78 NY2d 516, 519), that jurisdiction could not be obtained through extraterritorial service of process (CPLR 207 [3]). And, the action would be time-barred even if a foreign law's Statute of Limitations were applicable, since, to be applicable, CPLR 202, the borrowing statute, requires that it be shorter than New York's Statute of Limitations (*United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498, 504). Concur—Ellerin, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.