■ STUART P. FELD, Respondent-Appellant, v ALAN W. FELD, Appellant-Respondent. [720 NYS2d 35] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 16, 2000,

which denied that part of defendant's motion seeking summary judgment dismissing plaintiff's claims for replevin and conversion based on the Statute of Limitations and granted that part of defendant's motion seeking summary judgment dismissing plaintiff's fraud claim based on the Statute of Limitations, unanimously modified, on the law, to the extent of granting defendant's motion to dismiss the claims for replevin and conversion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The parties are the sons of the late Maude and Samuel Feld. Plaintiff Stuart Feld resided with his parents, as an adult, from 1961 through 1967 and claims that he left various items of his personal property with them when he moved out, including antiques and objects of art. By letters from plaintiff to his parents in 1971 and 1974 he asserted ownership to these items and directed their return through an intermediary. In response to his 1974 letter, plaintiff's father conditioned any discussion or return of that property on the resolution of unrelated claims made by plaintiff's parents against plaintiff and his antiques firm. Plaintiff and his parents had no further communication after that response; both parents died in 1995. After interposing and then withdrawing objections to probate of his parents' wills in which the disputed property was listed as part of their estates, plaintiff commenced the instant action which seeks to hold his brother, individually and as estate executor, liable on replevin, conversion and fraud causes of action. The IAS Court granted summary judgment to defendant on the fraud cause of action properly finding it barred by the Statute of Limitations since plaintiff could have uncovered the fraud in the last three decades and was aware of defendant's acts when he sought relief in Surrogate's Court in December, 1995, more than two years prior to commencement of this action. Defendant's motion to dismiss the causes of action for replevin or conversion was denied, however, as the IAS Court found there had been no clear refusal by the parents to return the property to plaintiff.

Replevin and conversion claims are governed by the three-year Statute of Limitations of CPLR 214 (3). A cause of action for replevin or conversion requires a demand for the property and refusal (*Guggenheim Found. v Lubell*, 77 NY2d 311, 317-318; *Douglas v Christie's Intl.*, 226 AD2d 185). A demand need not use the specific word "demand" so long as it clearly conveys the exclusive claim of ownership. A demand consists of an assertion that one is the owner of the property and that the one

upon whom the demand is made has no rights in it other than allowed by the demander (*Ford Garage Co. v Brown*, 198 App Div 467). By the same reasoning, a refusal need not use the specific word "refuse" so long as it clearly conveys an intent to interfere with the demander's possession or use of his property (*Rosalinda v Kent Co.*, 86 AD2d 587). Since plaintiff's 1971 and 1974 letters clearly stated his claim of ownership to the disputed property and succinctly directed that the parents make such property available to a third party, the demand requirement was met. The father's 1974 letter just as clearly constituted a refusal as it conditioned return of the disputed property on resolution of other disputes, which was inconsistent with plaintiff's claim of ownership. Since a demand and a refusal had been made by 1974, plaintiff's causes of action in replevin and conversion were time barred long before he commenced this action. Defendant's motion to dismiss should have been granted. We have considered plaintiff's other claims and find them to be without merit. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.