■ ELEANOR CLOSE-BARZIN, by ANTAL P. DE BEKESSY, Her Legal Administrator, Appellant, v CHRISTIE'S, INC., et al., Respondents, et al., Defendant. [857 NYS2d 545]—

Appeal from order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 21, 2006, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion to consolidate, deemed to be an appeal from judgment, same court and Justice, entered June 27, 2006 (CPLR 5501 [c]), and, so considered, said judgment unanimously affirmed, with costs.

Plaintiff's conversion claim is time-barred, since she alleges bad faith and the action was commenced more than three years after the alleged taking of the property occurred (*see* CPLR 214 [3]; *Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 317-318 [1991]; *Davidson v Fasanella*, 269 AD2d 351 [2000]; *Matter of Spewack*, 203 AD2d 133 [1994]). Given plaintiff's allegation that defendants knowingly consigned and sold her property, a demand and refusal was not a prerequisite to commencement of an action for conversion (*see Lubell*, 77 NY2d at 318), and plaintiff's reliance on CPLR 206 is misplaced (*see LeFebvre v New York Life Ins. & Annuity Corp.*, 214 AD2d 911, 913 [1995]).

Defendants are not barred by the doctrine of equitable estoppel from asserting the statute of limitations defense (*see General Stencils v Chiappa*, 18 NY2d 125, 128 [1966]; *Pahlad v Brustman*, 33 AD3d 518, 519-520 [2006], *affd* 8 NY3d 901 [2007]). Contrary to plaintiff's argument that she was affirmatively induced by defendants to refrain from pursuing her claims, the allegations of her complaint demonstrate that she had all the information necessary to commence an action for conversion well within the limitations period.

Plaintiff's allegation that defendants knowingly ignored well known facts fails to state a cause of action for fraud (*see Friedman v Anderson*, 23 AD3d 163, 166 [2005]). Nor do her allega-

tions state a cause of action for fraudulent conspiracy (*see LeFebvre*, 214 AD2d at 913).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ.