15-3295-cv
Samuels v. Greenberg

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand sixteen.

Present:        ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

_____

MIMI SAMUELS, MECHEL HANDLER, DEBRA BASSAN,
DINAH PINCZOWER, EDWARD COHN, individually and as
Administrator for the Estate of Steven Dearakie, LEO SIEGMAN,
as Administrator for the Estate of Rachel Siegman,

                        *Plaintiffs-Appellants*,

                v.                                                      15-3295-cv

AVIVA GREENBERG, SAM GREENBERG,
 JOHN DOES, "1" through "10",

                        *Defendants-Appellees*.

_____

Appearing for Appellant:        Evan M. Newman, Cedarhurst, NY.

Appearing for Appellee:         Christopher J. Soverow, Wade Clark Mulcahy, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Mimi Samuels, Mechel Handler, Debra Bassan, Dinah Pinczower, Leo Siegman as Administrator for the Estate of Rachel Siegman, and Edward Cohn, individually and as Administrator for the Estate of Steven Dearakie (together, "Appellants") appeal from the September 23, 2015 opinion and order of the United States District Court for the Eastern District of New York (Irizarry, *J.*) dismissing their lawsuit seeking the return of an antique handwritten Bible from Aviva and Sam Greenberg on statute of limitations grounds. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[A]n action to recover a chattel or damages for the taking or detaining of a chattel" "must be commenced within three years." N.Y. CPLR § 214. New York applies a "demand- and-refusal" rule to good-faith conversion and replevin claims: the statute of limitations begins to run "when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court." *State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 259 (2002). "A demand need not use the specific word 'demand' so long as it clearly conveys the exclusive claim of ownership. . . . By the same reasoning, a refusal need not use the specific word 'refuse' so long as it clearly conveys an intent to interfere with the demander's possession or use of his property." *Feld v. Feld*, 720 N.Y.S.2d 35, 37 (1ˢᵗ Dep't 2001).

The district court correctly determined that the cause of action at issue here accrued, at the latest, on December 23, 2008, the date the default judgment was entered in the beis din. The default judgment notes that in the proceeding, Edward Cohn "demanded the return" of the Bible, and also states that prior to defaulting the Greenbergs refused the rabbis' request that the Bible be returned. App'x at 67. The district court correctly determined this constituted a demand and refusal, such that the Appellants' claim commenced no later than December 23, 2008.

Moreover, because New York does not apply a discovery rule to conversion and replevin claims, it does not matter whether all of the Appellants were aware of the beis din or Edward Cohn's earlier efforts to recover the Bible. *See Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 44-45 (1995) ("[A]ccrual runs from the date the conversion takes place, and not from discovery or the exercise of diligence to discover.") (citations omitted). Once one co-owner makes a demand and that demand is refused, the bailment of property ceases and a claim alleging the conversion of the property accrues, commencing the statute of limitations against all co-owners of the property. Finally, for the reasons set forth in the district court's order, Appellants are not entitled to invoke the doctrines of either equitable tolling or equitable estoppel.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk