Middendorf v American Numismatic Socy. (2022 NY Slip Op 05796)

Middendorf v American Numismatic Socy.

2022 NY Slip Op 05796

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 159534/21 Appeal No. 16456 Case No. 2022-02140 

[*1]J. William Middendorf II, Plaintiff-Appellant,
v
The American Numismatic Society, Defendant-Respondent.

Olsoff| Cahill| Cossu LLP, New York (John R. Cahill of counsel), for appellant.
DLA Piper LLP (US), New York (Scott R. Wilson of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered April 21, 2022, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the claim for replevin, unanimously affirmed, without costs.
The court correctly determined that plaintiff's claim was time-barred. The statute of limitations for replevin claims is three years, and a claim "against a good faith purchaser accrues once the true owner makes a demand and is refused" (Swain v Brown, 135 AD3d 629, 631 [1st Dept 2016]; see CPLR 214 [3]). A refusal of a demand "need not use the specific word 'refuse' so long as it clearly conveys an intent to interfere with the demander's possession or use of his property" (Swain, 135 AD3d at 631, quoting Feld v Feld, 279 AD2d 393, 395 [1st Dept 2001], lv denied 96 NY2d 717 [2001]).
Defendant demonstrated that, after plaintiff made a demand for return of the printing plate in 2014, it communicated its refusal in letters sent in 2016 and 2017, more than three years before plaintiff commenced this action. Although defendant's letters did not entirely foreclose the possibility that plaintiff could present evidence of his rightful ownership in the future, the clear import of the letters was that defendant "emphatically disagreed with plaintiff's position" that he was the rightful owner (see Grosz v Museum of Modern Art, 772 F Supp 2d 473, 484-486 [SD NY 2010], affd 403 Fed Appx 575 [2d Cir 2010], cert denied 565 US 819 [2011]). Among other things, defendant noted that plaintiff had never filed a police report or insurance claim in the 50 years since the alleged theft of the plate from his car. Defendant also noted that it had acquired its plate as a counterfeit in 1965, as made clear in its detailed online description of the object, and had always made it available for study and publication. Plaintiff's subsequent communications with defendant based on new information did not restart the clock for accrual, because "[a]n aggrieved owner of property cannot delay the accrual of his cause of action for conversion indefinitely by eliciting multiple rejections from the person who is interfering with his right to possession" (Swain, 135 AD3d at 632, quoting Grosz, 722 F Supp 2d at 494).
In view of the foregoing, we need not reach the issue of whether the claim was barred by laches.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022