**Gammon Collection Inc. v Athena Art Fin. Corp.**

2025 NY Slip Op 31945(U)

June 2, 2025

Supreme Court, New York County

Docket Number: Index No. 650418/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

| | |
|---|---|
| THE GAMMON COLLECTION INC., DAVIDE BROOKS IRREVOCABLE TRUST, and ANDRE SAKHAI, | **INDEX NO.**     650418/2023 |
| Plaintiffs, | **MOTION DATE**     -- |
| - v - | **MOTION SEQ. NO.**     002 |
| ATHENA ART FINANCE CORP., | |
| Defendant. | **DECISION + ORDER ON MOTION** |

--------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 21, 28, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for        DISMISS        .

This is an action for a declaratory judgment declaring that each plaintiff, The Gammon Collection Inc., Davide Brooks Irrevocable Trust, and Andre Sakhai, "is [the] rightful owner of a 26.66% ownership interest in [a painting by an American artist Christopher Wool entitled *Untitled*, 2010, silkscreen ink on linen, 120 x 96 inches] [Painting] and is entitled to that same share of the net proceeds resulting from any sale thereof."  (NYSCEF Doc. No. [NYSCEF] 2, Complaint ¶¶ 1, 47.)

The following facts are taken from the complaint and are accepted as true for the purposes of this motion.

In July 2018, nonparty Inigo Philbrick, then "a 31-year-old up-and-coming art dealer," approached plaintiffs with a proposal to purchase interest in the Painting from his wholly owned art dealing business, Inigo Philbrick Limited (IPL), and to share profits upon any resale.  (*Id.* ¶¶ 3, 14.)  By three invoices dated July 11, 2018, each plaintiff purchased from IPL a 26.66% ownership interest in the Painting for $1,200,000;

**650418/2023   THE GAMMON COLLECTION INC. ET AL vs. ATHENA ART FINANCE CORP.**        **Page 1 of 7**
**Motion No.  002**

Philbrick acknowledged receipt of payment. (*Id.* ¶¶ 15-16.) The Painting was subsequently pledged as collateral to defendant Athena Art Finance Corp. (Athena), a "lending company engaged in the business of providing loans secured by fine-art assets." (*Id.* ¶ 11.) Specifically, on October 30, 2018, Philbrick, on behalf of IPL, executed a Transfer of Title prepared by Athena purporting to transfer title to the Painting from IPL to 18 Boxwood Green Limited (Boxwood), Philbrick's wholly-owned entity. (*Id.* ¶¶ 4, 34.) Then on "October 31, 2018, Athena and Boxwood entered into a Sixth Amendment to Loan and Security Agreement that added the Painting to the Collateral Pool and provided for Philbrick to receive [a] $1.75 million loan." (*Id.* ¶ 36.)

In October 2019, it was discovered that Philbrick engaged in art fraud schemes relating to several artworks. (*Id.* ¶ 37.) He ultimately pleaded guilty to wire fraud and was sentenced to seven years. (*Id.* ¶ 38.) "On October 11, 2019, after learning that Athena had possession of, and claimed an interest in, the Painting, Plaintiffs' counsel wrote Athena a letter asserting their interest in the Painting and demanding its return. Athena has refused." (NYSCEF 2, Complaint ¶ 39.)[1]

In January 2023, plaintiffs filed this action seeking a declaratory judgment. Athena now moves pursuant to CPLR 3211 (a)(5) to dismiss the complaint.

**Legal Standard**

A party moving under CPLR 3211 (a)(5) to dismiss an action as time-barred "bears the initial burden of establishing, prima facie, that the time in which to sue has expired." (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011] [internal quotation marks

---

[1] On the record before the court, it is unclear when Athena took possession of the Painting.

**650418/2023   THE GAMMON COLLECTION INC. ET AL vs. ATHENA ART FINANCE CORP.**          **Page 2 of 7**
   **Motion No.  002**

and citation omitted].)  "Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period."  (*Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP*, 188 AD3d 530, 531 [1st Dept 2020] [internal quotation marks and citation omitted].)

**Discussion**

Athena argues that plaintiffs' declaratory judgment claim is really a claim for conversion and/or replevin; thus, the three-year statute of limitation of CPLR 214 (3) applies.[2]  Athena further argues that per the complaint's allegations, Athena was a bad faith possessor of the Painting, and thus, the statute of limitation began to run on October 31, 2018 when the Painting was pledged as collateral and expired on October 31, 2021.  Athena concludes that this action initiated on January 20, 2023 is time-barred.

Plaintiffs agree that the three-year statute of limitations apply.  They argue, however, that the limitations period began to run upon plaintiffs' demand to return the Painting and Athena's refusal.  Plaintiffs allege that they demanded that Athena return the painting on October 11, 2019, but they do no allege when Athena refused the demand.

---

[2] "Two key elements of conversion are (1) plaintiffs possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiffs rights."  (*Pappas v Tzolis,* 20 NY3d 228, 234 [2012] [internal quotation marks and citation omitted], *rearg denied* 20 NY3d 1075 [2013].)  "To state a cause of action for replevin, a plaintiff must establish a superior possessory right to property in a defendant's possession."  (*Reif v Nagy*, 175 AD3d 107, 120 [1st Dept 2019] [citation omitted], *lv dismissed* 35 NY3d 986 [2020].)

**650418/2023   THE GAMMON COLLECTION INC. ET AL vs. ATHENA ART FINANCE CORP.**          **Page 3 of 7**
**Motion No.  002**

3 of 7

The CPLR does not prescribe a specific statute of limitations for a declaratory judgment claim. Ordinarily, the catch-all six-year statute of limitations in CPLR 213 (1) applies unless "the rights of parties sought to be stabilized in a declaratory judgment action are, or have been, open to resolution through a particular procedural route for which a specific limitation period is statutorily provided." (*Vigilant Ins. Co. of Am. v Housing Auth. of the City of El Paso, Tex.*, 87 NY2d 36, 41 [1995] [citation omitted].) Therefore, "[c]ourts must look to the underlying claim and the relief sought to determine the applicable period of limitation." (*Id.* at 40 [internal quotation marks and citation omitted].) "The following actions must be commenced within three years: … an action to recover a chattel or damages for the taking or detaining of a chattel." (CPLR 214 [3].)

> "Under CPLR 214 (3), the statutory period of limitations for conversion and replevin claims is three years from the date of accrual. The date of accrual depends on whether the current possessor is a good faith purchaser or bad faith possessor. An action against a good faith purchaser accrues once the true owner makes a demand and is refused…. This is because a good-faith purchaser of stolen property commits no wrong, as a matter of substantive law, until he has first been advised of the plaintiff's claim to possession and given an opportunity to return the chattel…. By contrast, an action against a bad faith possessor begins to run immediately from the time of wrongful possession and does not require a demand and refusal…. Thus, [w]here replevin is sought against the party who converted the property, the action accrues on the date of conversion." (*Swain v Brown*, 135 AD3d 629, 631 [1st Dept 2016] [internal quotation marks and citations omitted].)

The court turns to the issue of whether Athena is a bad faith possessor. Importantly, plaintiffs do not allege that Athena knew of plaintiffs' ownership interest in the Painting at the tlme the Painting was pledged. (*See* NYSCEF 1, Complaint ¶¶ 23, 26.) Instead, they allege that Athena failed to conduct due diligence which would have revealed plaintiffs' ownership of the Painting (*id.* ¶¶ 19, 21, 23, 30) and encouraged

Philbrick to pledge the collateral via Boxwood (*id.* ¶ 24) which "would allow Athena to register and perfect its purported interest in the collateral as a secured creditor without any third party with a claim to that collateral having any way of learning that Athena had done so, or that its interest was subject to a competing claim." (*Id.* ¶ 25.) These allegations of lack of due diligence and structuring the transaction via Boxwood are insufficient to demonstrate that Athena is a bad faith possessor of the Painting. (*See Reif v Art Inst. of Chicago*, 2024 US Dist LEXIS 34493, *10, 2024 WL 838431, *3 [SD NY, Feb. 28, 2024, No. 23-cv-2443 (JGK)] [defendant accused "of 'having ignored government warnings …, failing to investigate …, and overlooking … evidence …'" is not bad faith possessor], *revd on other grounds* 2025 US App LEXIS 5586, 2025 WL 763424 [2d Cir, Mar. 11, 2025, No. 24-809-cv]).) Indeed, Athena cites no cases where "courts have interpreted the New York rule to impute bad faith upon current possessors who failed to conduct sufficient due diligence." (*Id.*) Instead, the cases where courts found that a party was a bad faith possessor involved the possessor's actual knowledge of another's rights to a chattel. (*See e.g. Swain*, 135 AD3d at 631 [individual "is a wrongful possessor of the Artwork by virtue of her retention thereof in defiance of this Court's 1993 order" awarding artworks to another]; *Wallace Wood Properties, LLC v. Wood*, 669 F Appx 33 [2d Cir 2016] [rejecting that demand and refusal rule was applicable because plaintiff alleged that defendant "had knowledge of the terms of the Will," "knew that the actual owner of the Original Artwork was … <u>not</u> her," and "fraudulently concealed the identity, location and possession of the Original Artwork" (emphasis in original; internal quotation marks and citations omitted)]; *Close-Barzin v Christie's, Inc.*, 51 AD3d 444, 444 [1st Dept 2008] ["Plaintiff's conversion claim is time-

**650418/2023   THE GAMMON COLLECTION INC. ET AL vs. ATHENA ART FINANCE CORP.**
**Motion No.  002**

**Page 5 of 7**

5 of 7

barred, since she alleges bad faith and the action was commenced more than three years after the alleged taking of the property occurred …. Given plaintiff's allegation that defendants knowingly consigned and sold her property, a demand and refusal was not a prerequisite to commencement of an action for conversion" (citations omitted)]; *Davidson v Fasanella*, 269 AD2d 351, 352 [2d Dept 2000] [conversion occurred and limitations period began to run when gallery wrongfully delivered painting to defendant's decedent from whom plaintiff purchased painting]; *see also State v Seventh Regiment Fund*, 98 NY2d 249, 260 [2002] ["Naturally, if demand would be futile because the circumstances show that the defendant knows it has no right to the goods, demand is not required" (citation omitted)].)

The criminal complaint against Philbrick, which plaintiffs quote in the complaint in this action, supports plaintiffs' allegations herein.[3]  The criminal complaint alleges that Philbrick did not disclose plaintiffs' interest in the Painting to Athena.  (NYSCEF 18, Criminal Complaint ¶ 7[e].)

Accordingly, based on the allegations of the complaint, the limitations period began to run upon plaintiffs' demand and Athena's refusal.  Plaintiffs allege that they made the demand on October 11, 2019 and that "Athena has refused."  (NYSCEF 2, Complaint ¶ 39.)  The complaint is silent, however, as to when Athena refused.  Thus, it

---

[3] The complaint in this action references the criminal complaint as Exhibit A (*see* NYSCEF 2, Complaint ¶ 5); however, the criminal complaint is not attached to plaintiffs' complaint.  In any event, "[o]n a motion to dismiss, the court may consider documents referenced in a complaint, even if the pleading fails to attach them."  (*Alliance Network, LLC v Sidley Austin LLP*, 43 Misc 3d 848, 852 n 1 [Sup Ct, NY County 2014] [citations omitted].)  Plaintiffs eventually submitted the criminal complaint with their opposition to this motion.

[* 6]

is unclear when the limitations period began to run. Accordingly, on this record, the court cannot conclude that the claim is untimely as a matter of law.[4]

Accordingly, it is

ORDERED that the motion is denied; and it is further

ORDERED that defendant Athena Art Finance Corp. shall answer the complaint within 20 days of the date of this decision and order; and it is further

ORDERED that within 30 days of the date of this decision and order, the parties shall complete initial disclosure (*see* Part 48 Procedures ¶ 16); and it is further

ORDERED that within 45 days of the date of this decision and order, the parties shall submit via email and NYSCEF a proposed Preliminary Conference order or, if no agreement can be reached, two competing proposals.

20250602220158AMASLEY6EB60EDCEF8244EC39245042320747B4D

| 6/2/2025 | | | | ANDREA MASLEY, J.S.C. | |
|----------|--|--|--|----------------------|--|
| DATE | | | | | |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☒ DENIED  ☐ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

---

[4] The court does not foreclose the issue of whether this claim is timely as it is unclear when the limitations period began to run, a fact that can be investigated during discovery.

**650418/2023   THE GAMMON COLLECTION INC. ET AL vs. ATHENA ART FINANCE CORP.**          **Page 7 of 7**
**Motion No.  002**

[* 7]