OPINION OF THE COURT
Steven E. Malone, J.
The defendant in this case is charged through a simplified *570 traffic information issued by a New York State Trooper (who apparently did not witness the underlying act or failure to act) with a violation of Vehicle and Traffic Law § 1160 (a) — an improper right turn. The defendant appeared by his attorney who then moved the court, by written motion, for an order dismissing the case for lack of jurisdiction. The office of the District Attorney submitted written opposition to the motion and the case is now being decided on the papers before the court.
The issue in this case is a very fundamental one, but one with which the court finds no real help from the existing case law. That issue, reduced to simplest terms, is as follows: May a police officer, who does not witness a motor vehicle accident, issue a uniform traffic ticket (charging a noncriminal violation of the Vehicle and Traffic Law) to one of the motorists involved in the accident after he has made an investigation of the facts underlying the accident?
At first blush, the answer would be "yes” and this conclusion would be supported by the fact that this court (as well as all other lower courts across the State) sees tickets issued under these circumstances every day. A closer examination into the law, however, produces a contrary resolution of the question.
Although not determinative in this case, the court’s analysis begins with the question of whether the issuance of a uniform traffic ticket is in fact an arrest. It seems well settled that it is not (Robart v Post-Std., 74 AD2d 963 [3d Dept 1980]), but shortly after the citizen has received his or her yellow "uniform traffic ticket” there is filed with the local criminal court the pink portion of the form which is entitled a "simplified traffic information” which, according to CPL 100.05, commences a criminal action in that court. Indeed, it seems to this court that when the motorist receives his yellow copy of the uniform traffic ticket, he has been just as "arrested” as if he had been placed in handcuffs, arraigned and posted bail for there are now charges pending that must be answered and defended. (See also, CPL 100.10 [2] [a].)
It is this court’s position that the term "arrest” must be more fully defined and more carefully used by Judges, lawyers and lawmakers and it is suggested that its meaning is more accurately defined by what a person must do after police intervention than by what the actual police intervention was. It appears to the court that there are basically two forms of *571 arrests, at least in vehicle and traffic matters: one that results in the issuance of only an appearance ticket that must be answered and defended and one that results in the taking into custody of the alleged wrongdoer. Either form of police intervention results in a charge that must be answered and defended. If the defendant is taken into custody, the final result may very well be that only an appearance ticket is given after all. Does this mean the alleged wrongdoer was arrested and then unarrested?
Take this example. The police officer stops a motorist for speeding — an offense. For whatever reason, the officer wants the person arraigned immediately and wants bail set. He takes the person into custody by placing the person in the back seat of his patrol car and calls a local Town Justice. The Town Justice refuses to perform an immediate arraignment for this offense and informs the police officer that even if the person were to be arraigned, he would be released on his or her own recognizance. The Town Justice instructs the police officer to therefore issue an appearance ticket and that is done.
Has the person been arrested? It seems clear to the court and probably more so to that defendant that there had been an "arrest” made, but the current state of the law seems to indicate that because the police intervention only resulted in the issuance of an appearance ticket, there was never an arrest.
More to the point in this case, the court notes that the yellow copy of the simplified traffic information is an appearance ticket as defined by CPL 150.10 and, according to CPL 150.20 (1), a police officer can only issue an appearance ticket if he could arrest a person without a warrant in accordance with CPL 140.10. That section provides that a police officer may arrest a person without a warrant for any offense when such an offense was committed in his presence. An offense, of course, is something other than a crime and the traffic infraction allegedly occurring in this case was an offense.
As stated in the case of People v Foster (10 NY2d 99, 102 [1961]), "What has the statutory requirement of sworn information and warrant to do with all this? To prevent irresponsible arrests of presumably innocent citizens”. And this court believes that it goes one step further in that after taking into account the current state of the CPL, it is not proper for a police officer to arrive at the scene of an accident, take oral *572 statements of all those involved, decide who to believe and what to believe and issue a uniform traffic ticket charging only an offense to one of the involved motorists.
Supporting this reasoning is the existence of Vehicle and Traffic Law § 1194 which allows for the arrest of a defendant accused of the offense of section 1192 (1) if there was an accident involving the defendant even if the arresting officer did not witness the accident. A similar and broader law would be required to allow arrests (or the issuance of appearance tickets if there really is a difference) where the officer did not witness the accident or offense and desired to charge a violation, not a crime, under other sections of the Vehicle and Traffic Law. (See generally, Fiandach, New York Driving While Intoxicated § 6:5.)
The obvious question remains "how can the provisions of the Vehicle and Traffic Law be enforced when an obvious infraction has occurred, but said infraction was not viewed by a police officer?” The answer is that the witness to the accident would have to file a sworn complaint or information with the court of competent jurisdiction and the court would then provide for the issuance of a summons or warrant of arrest according to the law. A defendant can only be required to answer charges lodged against him or her after a facially sufficient accusatory instrument has been filed to commence a criminal action in a local criminal court. Commencement of a criminal action alleging a violation of the Vehicle and Traffic Law in the nature of an offense should not be done by the filing with the court by a police officer of a simplified traffic information where that police officer did not view the incident in question. Although the filing in this case was facially sufficient, such filing was attacked and is now deemed legally deficient and of no force and effect because the officer did not witness the alleged offense.
For the reasons stated herein, the simplified traffic information in this case is hereby dismissed.