OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and simplified traffic information dismissed.
Defendant was arrested by a Metro-North police officer in the Town of Bedford on State Highway 35, and charged in a simplified traffic information with driving while impaired in violation of Vehicle and Traffic Law § 1192 (1), a traffic infraction defined as a petty offense under CPL 1.20 (39). On appeal, the defendant challenges his conviction on the sole ground that the Metro-North police officer appointed pursuant to CPL 1.20 (34) (p) was without authority to make an arrest for a traffic infraction outside the geographical area of his employment or to issue a simplified traffic information. We agree for the reasons stated herewith in this decision, and accordingly the judgment of conviction is reversed and the simplified traffic information dismissed.
CPL 1.20 (34) setting forth the various categories of persons possessing "police officer” status includes "[p]ersons appointed as railroad policemen pursuant to section eighty-eight of the railroad law” (CPL 1.20 [34] [p]). Railroad Law § 88 (14) provides in pertinent part: "A person appointed policeman under this section * * * shall not be permitted to exercise the duties or functions of a policeman except upon the property or in connection with the property connected with or under the control of the corporation, express company or steamboat company, for which he has been appointed”. CPL 140.10 authorizes a police officer to make a warrantless arrest for a petty offense only when "[s]uch offense was committed or believed by him to have been committed within the geographical area of such police officer’s employment” (CPL 140.10 [2] [a]), and when the police officer has "reasonable cause to believe *374 that such person has committed such offense in his presence” (CPL 140.10 [1] [a]). Significantly, while a police officer is expressly authorized by the statute to make a warrantless arrest for a "crime” anywhere within the State, and irrespective of whether or not such crime was committed within the geographical area of such police officer’s employment (CPL 140.10 [1] [b]; [3]), the Legislature specifically retained the geographical restrictions on a police officer’s authority to make a warrantless arrest for petty offenses (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 140.10, at 374). It is uncontroverted on the record that the arrest of defendant for a traffic infraction did not take place on Metro-North property or on property under the control of Metro-North, and hence was effectuated outside the geographical area of the police officer’s employment as defined in Railroad Law § 88 (14). Under the circumstances, the Metro-North police officer lacked the requisite statutory authority to arrest defendant.
The court below denied the defendant’s motion to dismiss the accusatory instrument on jurisdictional grounds (CPL 170.30 [1] [f]), based upon its finding, inter alia, that Metro-North was an "authority” by virtue of its status with the Metropolitan Transportation Authority, and that as "[a] sworn officer of an authorized police department of an authority” under CPL 1.20 (34) (e), the geographic area of employment of the Metro-North police officer extended throughout the counties where Metro-North operated including Westchester (see, CPL 1.20 [34-a]). However, contrary to the trial court’s conclusion, the courts have uniformly recognized that Metro-North is a public benefit subsidiary corporation of the Metropolitan Transportation Authority (see, People v Miller, 70 NY2d 903, 906; Petroccitto v Metro North Commuter R. R., 140 AD2d 682, 683; People v Metro-North Commuter R. R. Co., 132 Misc 2d 1072, 1073) pursuant to Public Authorities Law § 1266 (5), and hence is not a public authority (cf., Schaefer v Long Is. R. R., 112 AD2d 153, 154). Accordingly the statutory provisions of the CPL governing the geographical area of employment of police officers employed by an "authority” are inapplicable here, and the court’s reliance thereon misplaced.
Finally, we note that the alleged illegality of an arrest cannot in and of itself provide grounds for reversal of a defendant’s conviction and the court may obtain jurisdiction of defendant’s person by the filing of an information and an appearance by defendant (People v Grant, 16 NY2d 722, cert denied 382 US *375 975). However, in view of the fact that the Metro-North police officer was without authority to make a warrantless arrest pursuant to CPL 140.10, he also did not possess the authority to issue a uniform traffic ticket or file a simplified traffic information (see, CPL 100.10 [2] [a]; 150.20 [1]; cf., People v Shapiro, 61 NY2d 880; People v Genovese, 156 Misc 2d 569). There being no valid accusatory instrument, the court never obtained jurisdiction (cf., People v Grant, supra).
DiPaola, P. J., Collins and Ingrassia, JJ., concur.