OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law and simplified traffic informations reinstated.
On October 2, 1993, at approximately 3:40 a.m., Village of Fishkill Police Officer Anthony Luciano observed defendant in his vehicle performing unsafe starts and unsafe backing in the parking lot of the ShopRite Plaza located in the Village of Fishkill. Based upon defendant’s erratic driving, Officer Luciano entered the ShopRite parking lot and approached the vehicle. Upon interviewing defendant, Officer Luciano detected a strong alcoholic odor emanating from defendant’s breath, slurred speech, staggered gait, swaying stance, and bloodshot eyes. The defendant was asked to perform a series of field sobriety tests, and failed to successfully complete same. In view of the above, Officer Luciano issued defendant tickets for unsafe starting of a parked vehicle, unsafe backing, and driving while intoxicated, and arrested defendant for the latter charge. A breathalyzer test performed later that morning indicated a blood alcohol content of .2%.
The defendant subsequently moved, inter alia, to dismiss the charges on the basis that the People lacked the authority to prosecute the matter. Specifically, defendant maintained in the court below that because the Village of Fishkill had not enacted a local law or ordinance making the New York State Vehicle and Traffic Law provisions applicable to private parking lots, the Village Police lacked the authority to patrol that area and stop individuals for violations of the Vehicle and Traffic Law. The court, agreeing with defendant, dismissed all charges, stating: "V&TL Section 1640-a (2) grants to cities and villages the specific authority to regulate traffic in shopping centers such as the one where the Defendant was arrested. However, the grant of authority is conditioned upon the writ *359 ten request of the owner and the adoption of a local law or ordinance by the Village Board of Trustees.”
On appeal, the People maintain that the court erred in dismissing the charges against the defendant. We agree and reverse the order, reinstating simplified traffic information numbers TM323616-6, TM323617-0, and 323615-5.
Vehicle and Traffic Law § 1640-a (2) provides in relevant part that a
"legislative body of any city or village, with respect to the parking areas * * * of a shopping center * * * and pursuant to the written request of the owner * * * may, by local law or ordinance: * * *
"2. Regulate traffic in any such area, including regulation by means of traffic-control signals” (emphasis added).
As we read this statute, the lower court’s reliance on same is misplaced. While this section of the Vehicle and Traffic Law grants additional authority to a local governmental entity to regulate traffic, it was not meant to preclude State law, namely Vehicle and Traffic Law §§ 1162, 1211 (a), and § 1192, and clearly does not give a village the exclusive right to regulate traffic in public parking areas.
Moreover, Vehicle and Traffic Law § 1100 (a) states that the provisions of title VII of the Vehicle and Traffic Law, encompassing sections 1162, 1211 (a), and section 1192, "apply upon public highways, private roads open to public motor vehicle traffic and any other parking lot, except where a different place is specifically referred to in a given section.” Based upon this language, sections 1162, 1211 (a), and section 1192 are clearly enforceable in a parking lot.
Further, defendant’s argument that section 1100 (b) requires passage of a local enabling statutory scheme to grant the police authority to enforce the Vehicle and Traffic Law in parking lots is without merit. Vehicle and Traffic Law § 1100 (b) applies to the obedience of "stop signs, flashing signals, yield signs, traffic-control signals and other traffic-control devices, and to one-way, stopping, standing, parking and turning regulations * * * [in a] parking lot only when the legislative body of any city, village or town has adopted a local law, ordinance, rule or regulation ordering such signs, signals, devices, or regulations.” It is clear from a complete reading of section 1100 that this provision limits enforcement of title VII of the Vehicle and Traffic Law for violations of same occurring within a parking lot. However, such precluded enforcement is *360 specifically limited, in the absence of local legislation, to violations concerning "stop signs, flashing signals, yield signs, traffic-control signals and other traffic-control devices, and to one-way, stopping, standing, parking and turning regulations.”
In the instant matter, defendant was issued three tickets charging violations of sections 1162, 1211 (a), and section 1192 (2) and (3) of the Vehicle and Traffic Law. Section 1162 states that "[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.” Moreover, section 1211 (a) states that "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic.” Since the prohibitions stated in sections 1162 and 1211 (a) do not involve the type of activity contemplated by Vehicle and Traffic Law § 1100, the police were clearly authorized to issue the tickets in question. Therefore, the court below erred in dismissing the simplified traffic informations charging defendant with violations of Vehicle and Traffic Law §§ 1162 and 1211 (a).
More importantly, it cannot be said that the police lack the authority to enforce driving while intoxicated laws in a parking lot based upon section 1100 (b) of the Vehicle and Traffic Law, as such offenses are clearly omitted from the limiting list of this section. Moreover, section 1192 (7) of the Vehicle and Traffic Law specifically provides that the provisions of the driving while intoxicated statute are applicable in a parking lot. It strains the bounds of credulity to imagine that the Legislature would enact one statutory scheme deliberately providing for the enforcement of the intoxicated driving statute in parking lots, while maintaining legislation which, in effect, would preclude its enforcement by the lack of a local ordinance.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.