OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of leaving the scene of an incident without reporting reversed on the law, accusatory instrument dismissed, and fine, if paid, remitted.
Judgment convicting defendant of driving while intoxicated affirmed.
The accusatory instrument charging defendant with leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1]) is defective on its face. “The primary purpose of section 600 of the Vehicle and Traffic Law is to prevent the evasion of civil liability by a motorist who may be liable for negligently causing damage by his leaving the scene of the accident” (People v Lindsly, 99 AD2d 99, 101 [1984], quoting People v Wenceslao, 69 Misc 2d 160, 162-163 [Crim Ct, Kings County 1972], read on other grounds sub nom. People v Marzulli, 76 Misc 2d 971 [App Term, 2d & 11th Jud Dists 1973]). The gravamen of the offense is that a person “who, knowing or having cause to know that damage has been caused to the real property or to the personal property ... of another,. . . leav[es] the place where the damage occurred” without producing the required documentation or reporting the incident to the police (Vehicle and Traffic Law § 600 [1] [a]). Absent damage to the property of another of which a person knows or has reason to *18 know, no violation is committed by the mere departure from an accident scene. The accusatory instrument alleged merely that an accident had occurred which resulted in damage, without facts sufficient to identify the property damaged or to establish that the property was owned by another and that defendant knew or had reason to know of such damage (see People v Toussaint, 40 AD3d 1017, 1018 [2007]). Knowledge, of course, may be proved circumstantially (e.g. People v Mizell, 72 NY2d 651, 656 [1988]), but there must be an assertion of evidentiary facts with respect to the damage upon which an inference of knowledge may be based. Accordingly, the judgment of conviction of leaving the scene of an incident in violation of Vehicle and Traffic Law § 600 (1) (a) is reversed, the accusatory instrument dismissed, and the $250 fine, if paid, remitted.
The accusatory instrument alleging driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) is facially sufficient. The information alleged that defendant committed the offense in a “parking lot” at a specified location. Vehicle and Traffic Law § 1192 (3) does not set forth the locations where driving while intoxicated is prohibited. Vehicle and Traffic Law § 1192 (7) applies the sanction, inter alia, to parking lots, with exclusions for small lots and those on private property otherwise occupied by a one- or two-family residence (see also Vehicle and Traffic Law § 1100 [a]; McLaurin v Ryder Truck Rental, 123 AD2d 671, 673 [1986]; People v Murphy, 169 Misc 2d 357, 359 [App Term, 9th & 10th Jud Dists 1996]). An allegation that the offense occurred in a “parking lot” suffices to allege that the offense occurred in a place in which the intoxicated operation of a motor vehicle is subject to the penal sanction. Although the relevant definitions of a parking lot explicitly exclude certain classes of locations, the exclusions involved herein need not be pleaded.
“Legislative intent to create an exception has generally been found when the language of exclusion is contained entirely within a Penal Law provision .... [However, where t]he exclusionary language . . . does not provide a complete definition of the class of cases that the Legislature intended to remove from the ambit of [the offense] . . . the [exclusion] operates as a proviso that the accused may raise in defense of the charge rather than an exception that must be pleaded by the People in the accusatory instrument” (People v Santana, 7 NY3d 234, 237 [2006]; see e.g. People v Williams, *19 66 NY2d 659 [1985]).
Here, the exclusions for certain types of parking lots are not part of the provision defining the offense, i.e., Vehicle and Traffic Law § 1192 (3), and thus are merely provisos that need not be pleaded. Given the specificity with which the instrument alleged the location of the offense’s commission, defendant was placed on ample notice of the time, place and manner in which the offense was committed.
We find defendant’s remaining contentions unpreserved or without merit.
Rudolph, EJ., Tanenbaum and Molía, JJ., concur.