The People of the State of New York, Respondent,
against
Vincent D'Andraia, Appellant. 




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office, (Justin W. Smiloff of ounsel), for respondent.

Appeal from four judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth S. Diamond, J.H.O.), rendered September 14, 2017. The judgments convicted defendant, after a nonjury trial, of failure to properly maintain windshields, failure to properly maintain license plate, leaving the scene of an incident with property damage without reporting and following too closely, respectively, and imposed sentences.




ORDERED that the judgments convicting defendant of leaving the scene of an incident with property damage without reporting and failure to properly maintain windshields are reversed, on the facts, and the simplified traffic informations charging those offenses are dismissed; and it is further,
ORDERED that the judgment convicting defendant of following too closely is reversed, on the law, and the simplified traffic information charging that offense is dismissed; and it is further,
ORDERED that the judgment convicting defendant of failure to properly maintain license plate is affirmed.
Defendant was charged in six simplified traffic informations with, respectively, one count [*2]each of failure to maintain proper automobile insurance (Vehicle and Traffic Law § 319 [1]), failure to properly maintain windshields (Vehicle and Traffic Law § 375 [1] [b] [i]), leaving the scene of an incident with property damage without reporting (Vehicle and Traffic Law § 600 [1] [a]) and following too closely (Vehicle and Traffic Law § 1129 [a]), and two counts of failure to properly maintain license plate (Vehicle and Traffic Law § 402 [1]), arising from an automobile accident that occurred on January 17, 2017. 
On May 15, 2017, the District Court informed defendant of his "right to represent yourself in trial. You also have the right to be represented by an attorney." When asked whether he understood, defendant replied, "Yes." On July 7, 2017, the District Court told defendant, "I would suggest you contact a lawyer. . . . I can't tell you how to handle your case. It's not permissible for me to do that, but I do see a reason why you should at least consult with a lawyer." On September 14, 2017, the trial date, the District Court, noting that defendant was appearing pro se, asked whether he was "continuing without an attorney" and "[a]re you ready to proceed?" Defendant answered both questions affirmatively. 
Prior to the start of the trial, the District Court granted the People's motion to dismiss the simplified traffic information charging defendant with failure to maintain proper automobile insurance. Although the trial court did not advise defendant at this time of his right to legal counsel, this did not, contrary to defendant's contention, constitute reversible error, since, on multiple court appearances prior to the trial date, "defendant was clearly made aware of [his] right to counsel[. Therefore,] the court had no further statutory duty" to re-remind him of that right on the eve of trial (People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Police Officer Keith Weir testified that, on the afternoon of January 17, 2017, he arrived at a location approximately one mile from where, he learned, an accident had taken place. There were three eyewitnesses: defendant, Ms. Chutt and Mr. Gaye. The written statements the officer obtained from all three were admitted into evidence without objection by the pro se defendant. According to Ms. Chutt's statement, defendant cut her off while they were driving "and kept driving erratically." She followed him and made a video of his "erratic driving" with her cell phone, until he stopped his pickup truck. Mr. Gaye wrote in his statement that his 2005 Honda "was rear-ended" by defendant's pickup truck. "The truck did not stop, so I pursued him [until it] finally pulled over . . . . He did not deny striking my vehicle, but he did not provide any information," e.g., his name or his insurance company. Neither Ms. Chutt nor Mr. Gaye testified during the trial.
At the scene, the officer observed that "Mr. Gaye's vehicle had paint transfer and some small dents [on] the rear bumper of his vehicle." He also noticed that defendant's pickup truck had no front license plate, and the rear plate was covered by a large plate frame." However, the officer could not recall exactly what the rear plate frame looked like. Additionally, there was a Confederate flag sticker on the rear windshield of defendant's truck. When asked by the court, "What makes [the sticker] illegal on a window?," the officer replied, "Because it's on the glass. . . . Any of the glass on the car. People figure they can put whatever stickers they want around the glass of their vehicle. [*3]A license, a registration in the bottom left hand corner, and any other glass unless it's authorized by a local jurisdiction."
Defendant testified that, while Ms. Chutt was tailgating and flashing her high beams on his truck, he and Mr. Gaye were attempting simultaneously to merge into the same lane. When Mr. Gaye, who was in front of defendant, slammed on his brakes, defendant did the same. "I hit his bumper. . . . I probably hit him not even going a mile an hour." Defendant did not exit his car, but he could see from where he sat that "[t]here [w]as absolutely no damage to [Mr. Gaye's] car." However, defendant admitted that his vehicle's "front plate did come off when I hit the back of" Mr. Gaye's vehicle. 
The court found defendant not guilty of one of the two counts of failure to maintain proper license plates, as pertained to defendant's rear license plate, and guilty of the remaining four counts. The court then imposed, as sentences, fines of $75 (failure to properly maintain windshields), $100 (failure to maintain proper license plates), $150 (leaving the scene of an incident with property damage without reporting) and $100 (following too closely), as well as a mandatory Suffolk County administrative fee of $55 for each conviction.
As the officer did not personally observe defendant following too closely while driving his pickup truck, and there was no evidence of an outstanding warrant for defendant's arrest on January 17, 2017, the officer was without statutory authorization to arrest defendant for following too closely (see CPL 140.10 [1]). "[I]n view of the fact that the . . . police officer was without authority to make a warrantless arrest pursuant to CPL 140.10, he also did not possess the authority to issue a uniform traffic ticket or file a simplified traffic information. There being no valid accusatory instrument, the court never obtained jurisdiction" (People v Wolf, 166 Misc 2d 372, 375 [App Term, 2d Dept, 9th & 10th Jud Dists 1995] [citations omitted]; see also CPL 150.20 [1] [a]; People v Shapiro, 61 NY2d 880 [1984]). The judgment convicting defendant of following too closely is, therefore, reversed and the accusatory instrument charging that offense is dismissed. 
Defendant's conviction of failure to properly maintain windshields was against the weight of the trial evidence. The officer's testimony, when asked plainly why the sticker on the back windshield of defendant's truck was illegal, was confusing and unclear. It did not demonstrate beyond a reasonable that defendant's sticker was not authorized by the commissioner of the Department of Motor Vehicles (see Vehicle and Traffic Law § 375 [1] [b] [i]). Consequently, the judgment convicting defendant of failure to properly maintain windshields is reversed and the accusatory instrument charging that offense is dismissed. 
Defendant's conviction of leaving the scene of an incident with property damage without reporting was, likewise, against the weight of the trial evidence. "Absent damage to the property of another . . . , no violation is committed by the mere departure from an accident scene" (People v Marotti, 20 Misc 3d 16, 17 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also Vehicle and Traffic Law § 600 [1] [a]). The officer's testimony about "paint transfer" was unsupported and conclusory. For example, the officer did not testify to seeing scratches or paint loss from defendant's [*4]pickup truck that corresponded with the paint on Mr. Gaye's Honda. The officer also failed to explain how he knew that the small dents on the Honda had resulted from the accident, and were not the unremarkable consequence of the car being 12 years old. Moreover, in his written statement, Mr. Gaye did not mention there being any damage to his vehicle. Thus, the weight of the evidence did not support a finding, beyond a reasonable doubt, that damage had been caused to the property of someone other than defendant, requiring that the judgment convicting defendant of leaving the scene of an incident with property damage without reporting be reversed and the accusatory instrument charging that offense dismissed.
Defendant's assertion on appeal that the $55 Suffolk County administrative fee imposed upon each conviction is preempted by state law is unpreserved, and this court declines to address it in the interest of justice. In any event, this court has repeatedly "rejected the claim that the Suffolk County administrative fee is preempted by state law" (People v Ermmarino, 60 Misc 3d 50, 56 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], citing People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op 50184[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see also People v Clark, 64 Misc 3d 127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Defendant's remaining contentions have been reviewed and rejected as meritless.
Accordingly, the judgments convicting defendant of following too closely, leaving the scene of an incident with property damage without reporting and failure to properly maintain windshields are reversed and the accusatory instruments charging those offenses are dismissed. The judgment convicting defendant of failure to properly maintain license plate is affirmed.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2020