| **Karna v Johnson** |
|:---:|
| 2024 NY Slip Op 32373(U) |
| July 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153848/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                     **PART**                **22M**

*Justice*

-----------------------------------------------------------------------X

BERNADETTE KARNA A/K/A BERNADETTE PIETREFESA,

Plaintiff,

- v -

MICHELLE JOHNSON, LEATRICE HENRY, JOHN DOE

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153848/2019 |
| **MOTION DATE** | 12/16/2022 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108

were read on this motion to/for            JUDGMENT - SUMMARY            .

Upon the foregoing documents, it is ordered that the defendant Leatrice Henry's motion

for summary judgment pursuant to CPLR 3212 is decided as follows:

Plaintiff seeks recovery for injuries she allegedly sustained in 2016 as a pedestrian in a hit-

and-run motor vehicle accident. Defendant Leatrice Henry, alleged to be a possible driver of the

vehicle, moves for summary judgment based upon the expiration of the three-year statute of

limitations. Plaintiff opposes the motion under the theories that Henry is equitably estopped from

asserting that defense by virtue of her alleged conduct in concealing her involvement in the

accident, and that the service on Henry relates back to the timely-filed complaint against the "John

Doe" defendant. The motion is denied.

### FACTS

Plaintiff alleges that on June 8, 2016 at 5:35 a.m., she was struck by an automobile while

crossing Third Avenue at 41st Street. Although the driver fled the scene, the accident was caught

on video. Two days later, the New York Police Department identified a white Chevrolet Yukon

**153848/2019  BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE**
Motion No. 004

Page 1 of 9

[* 1]

bearing license plate number GSV-8376 and registered to one Joseph Alrick as a vehicle that was possibly responsible for the accident.

Alrick denied involvement in an interview with the police on June 26, 2016, but immediately retained counsel and refused to cooperate further. On August 31, 2016, the NYPD determined that it lacked probable cause to arrest Alrick in view of his denial and the lack of witnesses. Additionally, the examination of the video was inconclusive because although the vehicle was similar, the license plate was unreadable. The case was closed on September 28, 2016.

None of this information was shared with plaintiff. However, on September 12, 2016, she filed a *pro se* FOIL request for the NYPD's investigative file in her case. No response was received until April 18, 2018, over nineteen months later. Plaintiff took an administrative appeal to obtain additional information, and on May 18, 2018 received a response which provided her with Alrick's name. She then retained counsel and commenced an action against Alrick on July 3, 2018.

The NYPD reopened its investigation into the accident on September 5, 2018. That day, its investigators ruled out Alrick's vehicle as the one involved in the accident. Instead, they identified the responsible vehicle as a white 2000 GMC Yukon bearing plate number HBX3110 registered to defendant Johnson and insured by defendant Henry. They further determined that this vehicle had been set on fire just over an hour after the accident. Additionally, they discovered that its plates were reported stolen on July 14, 2016, with the alleged date of the theft being June 3, 2016. A New York Fire Department Fire Marshall's report indicates that the fire was deemed an arson, and that a witness saw a man exit the vehicle and run away just before it went on fire.

Plaintiff and her attorney met with an investigator on September 11, 2018, who informed them that Alrick's vehicle had been ruled out and that another vehicle was being investigated. He did not disclose Johnson or Henry's relationship to that vehicle.

153848/2019  BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE
Motion No. 004

Page 2 of 9

2 of 9

[* 2]

The NYPD continued its investigation, and in January 2019 discovered that Johnson's vehicle had been the subject of a report for having left the scene of a different, earlier accident on November 16, 2015. In that connection, the NYPD's records show that a representative of Geico had spoken to Henry on a recorded and transcribed call on November 24, 2015. During that call, she denied any knowledge of the accident and said she had commuted to work, and was at work, at the time it occurred. She claimed there was no unexplained damage to the vehicle, but that she realized that its plates were stolen after checking the car that night after having been first informed of the accident by the insurer. She also stated that she was the only driver of the vehicle and that only her mother had access to the keys and permission to use it. The day after that conversation, on November 25, 2015, Johnson reported the plates as having been stolen sometime between November 14 and November 24, 2015.

On March 7, 2019, an investigator spoke to Johnson. He reported that after Johnson viewed the video and photos of the accident, she confirmed that the vehicle was hers. Upon receiving an amended police accident report identifying Johnson as the registered owner of the vehicle, plaintiff commenced this action on March 29, 2019 and the papers were served upon Johnson on April 29, 2019. The complaint names Johnson and a "John Doe" as defendants and alleges that "the operator of the Automobile was either (a) Johnson, or (b) Doe, a person who was operating the Automobile with the consent and permission of Johnson".

For several months thereafter, the NYPD made attempts to interview Henry, leaving phone messages and business cards for both her and Johnson. Henry did not respond. On June 11, 2019, plaintiff's counsel made a follow-up FOIL request. In the department's July 22, 2019 response, Henry was identified to plaintiff for the first time as someone who had access to the vehicle.

153848/2019  BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE
Motion No. 004

Page 3 of 9

3 of 9

[* 3]

Johnson's counsel did not respond to plaintiff's counsel's repeated requests in July and August 2019 for consent to add Henry as a defendant.

Johnson appeared for deposition on October 21, 2019. She testified that she had access to the vehicle in 2016, but did not use it because she was in and out of the hospital. She said that only she and Henry had access to the keys, and that although Henry used it she did not drive it to work because there was no parking available. She confirmed that she had previously identified the vehicle after viewing photos of it but denied that she had been shown a video of it. However, upon viewing the video at her deposition, she confirmed that the vehicle was hers.

Johnson further testified that she first learned that the vehicle had been stolen when Henry came home from work one night and noticed that it was not where it had been parked. She said that she did not remember whether Henry was involved in an earlier accident with that vehicle in 2015, denied that Henry ever told her that she was in that accident, and denied that Henry ever told her that the police had claimed that Henry was in an accident. She also denied having ever seen the police report for the 2015 accident, but upon being shown a copy it refreshed her memory that one of its plates had been lost when it fell off that year. She also recalled that Henry told her that "[s]he hit something and she didn't know where she lost one of them".

Johnson remembered standing outside with a Geico representative who was taking pictures of the vehicle but did not know whether that was in connection with the alleged 2015 hit-and-run or something else. She did not know whether the increase in the vehicle's insurance premiums was due to an accident or some other traffic offense. However, she was aware that Henry had to take an accident prevention course.

Based on Johnson's testimony, in February 2020 plaintiff moved to amend the complaint to substitute Henry for the John Doe defendant. The motion was granted without opposition in a

[* 4]

decision and order dated February 21, 2021. The order was amended *nunc pro tunc* by order dated July 15, 2021 to add a John Doe defendant in the event that Henry was not found to be the responsible driver. Henry was served with the amended summons and complaint on July 24, 2021 and submitted an answer on August 17, 2021 which asserted, *inter alia*, the affirmative defense of the statute of limitations.

Henry appeared for her deposition on May 16, 2022. She denied that she had access to a vehicle in June 2016. Although at first she stated that she did not drive Johnson's vehicle before or after the date of the accident, she later said that she did maybe once or twice before that date to help Johnson with food shopping. She asserted that she was not the primary driver of the vehicle and did not know why Johnson said she was.

Henry did not recall having any involvement in the reporting or disposition of the allegedly stolen vehicle and did not remember hearing anything about it from Johnson. She also had no recollection of being involved in the alleged November 16, 2015 accident. She did not remember engaging in the November 24, 2015 phone call with the Geico representative. However, after being shown the transcript of the call, she said she could not "deny confidently" having participated in it and confirmed that the birthdate and last four digits of the social security number given by the person interviewed were hers. She did not deny telling Geico that she was an "active" driver, but stated that if she told the insurer that it would have been because she anticipated driving in connection with her new job as a funeral director.

## DISCUSSION

Henry's motion to dismiss the action as against her as time-barred is denied. A defendant may be precluded from raising a statute of limitations defense under the doctrine of equitable estoppel where "plaintiff was induced by fraud, misrepresentations or deception to refrain from

153848/2019  BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE
Motion No. 004

Page 5 of 9

5 of 9

filing a timely action" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007] [internal quotations and citations omitted]). In general, the doctrine "is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient" (*id., quoting Zoe G. v Frederick F.G.*, 208 AD2d 675, 675–676 [2d Dept 1994]). Thus, "[a] wrongdoer is not legally obliged to make a public confession, or to alert people who may have claims against it, to get the benefit of a statute of limitations" (*Zumpano v Quinn*, 6 NY3d 666, 675 [2006]). Even so, under some circumstances "the estoppel to plead the Statute of Limitations may arise without the existence of fraud or an intent to deceive and the courts will apply the doctrine of equitable estoppel to prevent an inequitable use of such defense" (*Rodriguez v Morales*, 200 AD2d 406, 407 [1st Dept 1994]). Whether estoppel applies may present a question of fact (*Will of Spewack*, 203 AD2d 133, 134 [1st Dept 1994]).

The Court finds that if it is ultimately found that Henry was the driver, equitable estoppel will apply. Notwithstanding the absence of a common law duty to confess, Vehicle and Traffic Law 600(2) is a penal statute which effectively imposes an affirmative obligation upon every driver involved in an accident resulting in personal injury to do so. As relevant here, the statute provides:

> Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his or her license and insurance identification card for such vehicle . . . and give his or her name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual's insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he or she shall report said incident as soon as physically able to the nearest police station or judicial officer.

153848/2019  BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE
Motion No. 004

Page 6 of 9

"The primary purpose of section 600 of the Vehicle and Traffic Law is to prevent the evasion of civil liability by a motorist who may be liable for negligently causing damage by his leaving the scene of the accident" (*People v Marotti*, 20 Misc 3d 16, 17 [App. Term, 2d Dept 2008]). Although no appellate court has passed upon the question, at least one lower court has found that the failure of a hit-and-run driver to comply with section 600 tolls the statute of limitations (*Application of Nationwide Mut. Ins. Co.*, 39 Misc 2d 782, 789 [Sup Ct, Broome County 1962]; *see also Noel v Teffeau*, 116 NJ Eq 446, 450 [NJ Court of Chancery 1934] [holding "[i]t would be unconscionable to allow defendant to urge the bar of the statute of limitations" where hit-and-run driver failed to report accident under similar New Jersey statute]).

The Court additionally finds that plaintiff has introduced sufficient evidence to raise an issue of fact as to whether defendants engaged in deceptive conduct which prevented her from discovering Henry's identity within the limitations period. Defendants' testimony gives rise to an inference that they may have been conspiring to conceal their involvement in the accident. Of particular concern is the defendants' inability to explain or even remember the details of the alleged disappearance and burning of the vehicle after the 2016 accident, the loss of its license plates, the occurrence and circumstances surrounding the alleged 2015 accident, and defendants' interactions with their insurer. Their conflicting accounts of who was the primary driver of the vehicle also raise concerns.

There is no dispute that it was defendants' vehicle that was involved in the 2016 accident. Accordingly, their theory appears to be that a car thief was responsible for the accident. As defendants agree that they were the only persons with access to the keys to the vehicle, it is not clear how it was stolen – whether the thief got somehow got access to the keys in their home or

153848/2019 BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE
Motion No. 004

Page 7 of 9

7 of 9

"hot wired" the vehicle. The resolution of that issue presents a question of fact and credibility for trial.

To be clear, nothing in this decision should be construed as a finding Henry was the driver involved in the accident. The Court only holds that *if* she is found to be the driver, she may not avail herself of the statute of limitations defense.

For the sake of completeness, the Court will address plaintiff's additional arguments that the statute of limitations should be tolled under CPLR 1024 and the relation back doctrine. Neither of those theories would prevail here. First, CPLR 1024 provides that

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

(CPLR 1024).

To receive the benefit the statute, the plaintiff must make a diligent effort to determine the identity of the John Doe defendants before filing the complaint, and the complaint must sufficiently describe the persons as to apprise them that they are the intended defendants (*Strautmanis v GMDC Two Corp.*, 205 AD3d 495, 496 [1ˢᵗ Dept 2022]). However, section 1024 does not toll the statute of limitations except to the extent that it affords plaintiffs an additional 120 days to identify and serve the defendants (*Tucker v Lorieo*, 291 AD2d 261, 261 [1ˢᵗ Dept 2002]); *Luckern v Lyonsdale Energy Limited Partnership*, 229 AD2d 249, 254 [4ᵗʰ Dept 1997]). While the Court agrees that plaintiff acted diligently and the complaint sufficiently describes Henry's role in the accident, Henry was neither identified nor served within the requisite time.

Second, the benefit of the relation back doctrine under CPLR 203 (b) -- not CPLR sections 1024 or 1104 as plaintiff suggests -- is only available to toll the statute of limitation where (1) "the

**153848/2019   BERNADETTE KARNA A/K/A vs. JOHNSON, MICHELLE**
**Motion No. 004**

Page 8 of 9

claims against the new defendants arise from the same conduct, transaction, or occurrence as the claims against the original defendants", (2) "the new defendants are 'united in interest' . . . with the original defendants, and will not suffer prejudice due to lack of notice", and (3) "the new defendants knew or should have known that, but for the plaintiff's mistake, they would have been included as defendants" (*Higgins v City of New York*, 144 AD3d 511, 512–13 [1st Dept 2016]). Although the claims against Henry and Johnson arise from the same accident and Henry would not suffer any prejudice, they are not united in interest because they are joint tortfeasors who may assert differing defenses (*Vanderburg v Brodman*, 231 AD2d 146, 147–48 [1st Dept 1997]).

Finally, Henry has objected to the police records submitted in opposition to her motion as uncertified and thus inadmissible. However, where such materials are offered in opposition to the motion and are not the only evidence relied upon, they may be considered (*Xuezhen Dong v Cruz-Marte*, 189 AD3d 613, 614 [1st Dept 2020]; *Luciano v Islam*, 75 Misc 3d 792, 795 [Sup Ct, Bronx County 2022]). Here, defendants' deposition testimony constitutes sufficient corroborating evidence. Accordingly, it is

**ORDERED** that the motion by defendant Leatrice Henry is denied; and it is further

**ORDERED** that within 30 days of entry, plaintiff shall serve a copy of this Decision and Order upon defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 7/10/2024 | | |
|---|---|---|
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 9]